**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| John Robert Dukes, #324544, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 3:08-CV-505-PMD-JRM |
| v. ) | |
| ) | |
| David Stone, Sheriff of Pickins ) | **ORDER** |
| County; Lt. Chad Brooks, Pickins ) | |
| County Sheriff's Deputy, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff John Robert Dukes' ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that the court grant Defendants David Stone and Chad Brooks' ("Defendants") Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. Having reviewed the entire record, including the Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**BACKGROUND**

**I.   Plaintiff's Criminal Record**

Defendants offered the following factual accounts in its Motion for Summary Judgment. After Plaintiff failed to object to them in his memorandum in opposition to Defendants' motion, the Magistrate Judge incorporated them into his R&R. Plaintiff did not contest this incorporation in his Objections to the R&R; therefore, the court also adopts the following accounts as the factual record:

On September 8, 2006, agents of the Pickens County Sheriff's Office ("PCSO") executed a search warrant at Plaintiff's residence. After approaching the residence, knocking on the door, announcing their presence, and receiving no response, the agents forced entry into the residence. Plaintiff was arrested on charges of Sale of Crack Cocaine (3 counts) and Possession of Crack Cocaine with Intent to Distribute. He was released on bond on September 10, 2006. (Brooks Aff. ¶ 3.) Plaintiff executed a Consent Order of Forfeiture as to the items seized as a result of his September 8, 2006 arrest and seizure of property. (Brooks Aff. ¶ 5.) On September 28, 2006, agents of the PCSO, the Easley Police Department, and the South Carolina Law Enforcement Division ("SLED") executed a search warrant at Plaintiff's residence. The warrant was based on a supervised purchase of crack cocaine from Plaintiff following his release on bond on the charges noted above. Authorities arrested Plaintiff again on charges of Sale of Crack Cocaine and Possession of Crack Cocaine with Intent to Distribute. After initially being denied, bond was later granted, and Plaintiff was released from detention. Property seized on September 28, 2006 was subsequently forfeited pursuant to an Order of Forfeiture dated December 13, 2007. (Brooks Aff. ¶ 6.)

On February 22, 2007, agents of the PCSO supervised a controlled purchase of crack cocaine from Plaintiff at his residence. On February 23, 2007, a search warrant was executed at Plaintiff's residence by PCSO officials, the Easley Police Department, and SLED. A SLED agent entered Plaintiff's residence with consent. Sheriff Stone was not present. Plaintiff was arrested on February 23, 2007, on charges of Sale of Crack Cocaine and Possession of a Controlled Substance. Bond was denied. Property was seized on February 23, 2007, and subsequently forfeited by Order of Forfeiture dated February 4, 2008. On December 13, 2007, Plaintiff pled guilty to multiple drug charges and sentenced to ten years imprisonment. (*See* Brooks Aff.¶¶ 9–

2

11.) Plaintiff is currently an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections.

## II. **Plaintiff's Complaint**

He alleges in his Complaint that, during his arrest on February 23, 2007, Defendants kicked down the door of his residence without warning and without presenting either a search or arrest warrant. He claims that Defendants confiscated the following items from his residence:

> (1) one safe (2) 18 (eighteen) 14 kt. Gold neckla[c]es (3) 12 gold bracelets (4) a Kennedy fifty cents coin collection ($150.00 value) (5) silver dollar coin collection ($50.00 value) (6) 2 cameras (7) 3 color TV[s] (8) (one pair) night vision binoculars (9) 1 scale (10) 22,000 in cash (11) 6 watches (Elgin, Timex) (12) 2 rifles (13) quarter coin collection ($130.00 value) (14) $7,000.00 (seven thousand) dollars in cash located in trunk of car parked in yard.

(Complaint at 3.) Plaintiff also alleges that Defendants caused approximately $10,000 in damage to his mobile home with an axe and other tools. Additionally, he claims that his friends and family attempted to pick up his property from the Sheriff's department, but they were told that although Defendants had no authorization to confiscate these items, they had already disbursed some of the items for personal use and would use the remainder for personal use.[1] Plaintiff moved for summary judgment on June 5, 2008 and requests the return of his property and $100,000 in damages.

On September 26, 2008, Defendants also moved for summary judgment, contending (1) Sheriff Stone is entitled to Eleventh Amendment immunity; (2) Plaintiff has no claim for

---

[1] In a footnote on page two of his R&R, the Magistrate Judge expressed uncertainty over whether or not Plaintiff also asserted a claim regarding racially inappropriate comments allegedly made by Defendants. This uncertainty stemmed from the statements in Plaintiff's Complaint that Defendants told him "niggers can't have a white girlfriend or have any of the nice items" that he alleges Defendants took from him and that they "would make sure [he] went to prison no matter what it takes because niggers can't date white women in Pickens County." (Complaint at 4.) The Magistrate Judge concluded that even if these alleged statements were made, "such undeniably deplorable and unprofessional behavior does not by itself rise to the level of a constitutional violation." (R&R at 2.) Furthermore, the Magistrate Judge found that mere conclusory allegations of discrimination are insufficient to state a racial discrimination claim. *Id.* Plaintiff did not object to these recommendations; therefore, the court adopts the recommendation.

deprivation of property without due process of law; (3) Plaintiff's claim is an attack on the existing state court Order of Forfeiture; and (4) Defendants are not liable for the alleged property damage to Plaintiff's residence.

### III.    Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied. He found that, to the extent Plaintiff alleged his constitutional rights were violated because law enforcement officials arrested him and searched his home without a warrant, the claim failed. Defendants attached copies of the search warrants for the three searches of Plaintiff's home, and Plaintiff did not present any evidence to dispute that his home was lawfully searched. Regarding Plaintiff's personal property claims, the Magistrate Judge concluded that the *Rooker-Feldman* doctrine barred this court from overturning a state court judgment that ordered forfeiture of Plaintiff's property. Finally, the Magistrate Judge recommended that the court find Sheriff Stone entitled to Eleventh Amendment Immunity and both Defendants entitled to qualified immunity in their individual capacities.

## STANDARD OF REVIEW

### I.    Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

4

322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

## II.     Magistrate Judge's R&R

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION OF PLAINTIFF'S OBJECTIONS

### I.     Property Damage and Search of Plaintiff's Home, and Plaintiff's Arrest

The Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted in regard to Plaintiff's claim that his constitutional rights were violated because law enforcement officials arrested him and searched his home without a warrant. As the Magistrate

Judge noted, Defendants provided copies of the search warrants for the three searches of Plaintiff's home, and Plaintiff did not present any evidence to dispute that his home was lawfully searched. Plaintiff did not object to the Magistrate Judge's recommendation on this matter nor did he object to the Magistrate Judge's finding that Plaintiff failed to offer proof that Defendants damaged his home when executing the search warrant. Therefore, the court is not required to give any explanation for adopting these recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II.     Property Claims as Challenges to State Court Forfeiture Actions

Plaintiff objects to the Magistrate Judge's recommendation that he does not have a claim for deprivation of property without due process of law. Plaintiff argues that he never received notice of the forfeiture of the property listed in his Complaint. The Magistrate Judge noted that Plaintiff was arrested and his home was searched two times prior to the February 23, 2007 search and seizure he complains about in this matter and that Plaintiff appears to be confused as to which items were seized on which dates.[2] In regards to several items listed in Plaintiff's complaint, Plaintiff signed a Consent Forfeiture Order dated September 18, 2006, in which he authorized the forfeiture of a scale, night vision binoculars, assorted coins, and watches to PCSO custody. Thus, the court disagrees with Plaintiff's assertion that, as to these items, he received no notice of their forfeiture.

---

[2] Plaintiff claims an issue of material fact exists over the exact property taken from him and his residence. While Plaintiff may be confused over the specific items he claims were unlawfully taken from him, no issue exists over the fact that Plaintiff's property was taken pursuant to a search warrant and forfeited to PCSO pursuant to a consent forfeiture form signed by Plaintiff and December 13, 2007 and February 4, 2008 state court orders.

As to the remaining items in Plaintiff's complaint,[3] a state judge rendered a default judgment against Plaintiff on December 13, 2007 and on February 4, 2008 for failing to respond to service by publication in The Pickens Sentinel and ordered Plaintiff's property which was made a part of these actions be forfeited to the PCSO pursuant to S.C. Code Ann. Section 44-53-520 to -530 (permitting the forfeiture of items used to carry out, or determined to be the proceeds of, illicit activity). The Magistrate Judge recommended that, to the extent Plaintiff challenges the results of the forfeiture actions in state court, the court lacks jurisdiction over the claim pursuant to the *Rooker-Feldman* doctrine, named after the United State Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The United States Supreme Court recently clarified that this doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2006). This is because federal district courts lack the requisite appellate authority to reverse or modify a state-court judgment with which Congress empowered only the United States Supreme Court. *Id.* at 292 (citing 28 U.S.C. § 1257 and numerous cases). Thus, a federal district court does not have jurisdiction to overturn a state court judgment, even when the federal court complaint alleges, as Plaintiff's does in this case, that the state court judgment violates the plaintiff's federal constitutional rights.

In his Objections, Plaintiff asserts that Defendants violated his constitutional right to due process because they attempted to notify him about the forfeiture proceedings concerning the property taken from his home during his February 23, 2007 arrest through publication in The

---

[3] Plaintiff has provided no evidence that Defendants deprived him of any property other than that listed in the September 18, 2006 Consent Forfeiture Order and a state court's December 13, 2007 and February 4, 2008 Orders for Entry of Default and Forfeiture.

7

Pickens Sentinel. Plaintiff asserts that this violated his constitutional rights because Defendants knew he was incarcerated and should have served notice at the facility where he was being detained. Furthermore, Plaintiff contends that Defendants knew the notice by publication in The Pickens Sentinel would be ineffective "because newspapers are not circulated at any detention facilities of this state." While Plaintiff aims his complaints at the actions of the Defendants,[4] the effect of remedying Plaintiff's objections would be to overturn four state court judgments, and precedent does not permit the court to render such relief.[5] On both October 3 and 22, 2007, a state court judge issued orders permitting notice by publication in The Pickens Sentinel once a week for three consecutive weeks. Relying on these orders, state officials served process on all interested parties to the forfeiture actions through publication. After Plaintiff failed to respond to these services of process, the state court judge then, on both December 13, 2008 and February 4, 2008, entered a default judgment against Plaintiff and ordered that the property which was made a part of the actions be forfeited to the PCSO. Plaintiff clearly seeks redress for the injury—forfeiture of his property—caused by these state court decisions themselves, and this court does not have jurisdiction to conduct an appellate review of these decisions. *Davani v. Va. DOT*, 434 F.3d 712, 718–19 (4th Cir. 2006).

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the *Rooker-Feldman* doctrine bars the court's review because "the circumstances of this case vests

---

[4] Plaintiff has failed to show any specific wrongdoing by Defendants personally in regard to the forfeiture proceedings. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional right). Rather, he complains about the solicitor and clerk of court; however, these individuals were not joined as defendants in this matter.

[5] The Magistrate Judge went so far as to recommend that "even if Plaintiff has alleged an unauthorized intentional property deprivation, he fails to show a constitutional violation because he has a meaningful post-deprivation [remedy] for his alleged loss under South Carolina law." (R&R at 6 (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that no due process claim arises unless or until the state fails or refuses to provide a suitable post-deprivation remedy)).) Since a state court ordered the forfeiture of Plaintiff's property, the court does not rule on whether or not Plaintiff failed to show a constitutional violation.

jurisdiction of this court as Plaintiffs sole remedy." As noted above, the opposite is in fact true, and contrary to his assertion that this court's review constitutes the sole remedy available to him, Plaintiff has also filed this same suit against Defendants in South Carolina state court. (Ex. G to Brooks Aff.) Thus, the court agrees with the Magistrate Judge's recommendation that this court lacks jurisdiction to remedy Plaintiff's personal property claims.

## III.    Immunity

Plaintiff objects to the Magistrate Judge's recommendation that Defendants are entitled to immunity from Plaintiff's suit. He reiterates that he brought suit against Defendants in both their official and individual capacities and argues that Defendants knew they were violating his "clearly established rights" through their actions. The court agrees with the Magistrate Judge's recommendation and finds that both Defendants are entitled to immunity in both their official and individual capacities.

### a.    Defendants Immune From Liability in Their Official Capacities

Plaintiff objects to the Magistrate Judge's recommendation that Defendants are entitled to Eleventh Amendment immunity from Plaintiff's suit. Regarding Defendants' liability in their official capacities, the Eleventh Amendment prohibits a federal court from entertaining an action for any kind of relief where the defendant is a state or a state agency. *Fla. Dept. of Health Rehabilitative Servs. v. Fla. Nursing Home Ass'n.*, 450 U.S. 147 (1981). This immunity extends to "arms of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), including state agencies and state officers acting in their official capacity. *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995). In *Gulledge v. Smart*, 691 F. Supp. 947, 955 (D.S.C. 1988), a district court held that South Carolina sheriffs and deputies are state officials for Eleventh Amendment purposes, and the Court of Appeals for the Fourth Circuit has affirmed that a sheriff

is immune from suit under section 1983 for money damages. *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th 1996). Furthermore, the South Carolina Supreme Court has followed the reasoning of *Gulledge* and held that sheriffs and their deputies are state officials for section 1983 purposes. *Cone v. Nettles*, 308 S.C. 109, 417 S.E.2d 523, 524-25 (S.C. 1992). Thus, the court finds both Defendants, in their capacity as a state officials, immune from Plaintiff's section 1983 suit for money damages.

### b. Defendants Immune From Liability in Their Individual Capacities

Plaintiff also objects to the Magistrate Judge's recommendation that Defendants are entitled to qualified immunity from Plaintiff's suit in their individual capacities. State officials are considered "persons" within the meaning of section 1983 when sued in their individual capacities and, as such, may be held personally liable for damages under section 1983 for official actions. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Government officials performing discretionary functions, however, are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Martin v. St. Mary's Dep't of Soc. Servs.*, 346 F.3d 502, 505 (4th Cir. 2007). A court considers whether the rights allegedly violated by the public official were clearly established at the time of the challenged conduct and whether such conduct was objectively reasonable. *Martin*, 346 F.3d at 505. As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity. *Id.*

As discussed above, Plaintiff has failed to show that Defendants violated any of his clearly established constitutional rights. Defendants have provided search warrants that

authorized their February 23, 2007 search of Plaintiff's home and his arrest. Therefore, Defendants are entitled to qualified immunity in their individual capacities as well.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants Sheriff David Stone and Lieutenant Chad Brooks' Motion for Summary Judgment is **GRANTED** and that Plaintiff John Dukes' Motion for Summary Judgment is **DENIED**.

**AND IT IS SO ORDERED.**

*PATRICK MICHAEL DUFFY*
United States District Judge

**Charleston, South Carolina**
**February 17, 2009**

11